IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD et al,<br><br>         Petitioners,<br><br>         v<br><br>TIREX INTERNATIONAL, INC,<br><br>         Respondent._____/ | No   C-04-5129 VRW<br><br>ORDER |

Petitioners have moved to confirm an arbitration award against respondent. Doc #1. Respondent failed to appear in this action, and by order entered May 4, 2005, the court directed the clerk to enter respondent's default. Doc #12. In that order, the court also indicated that it would construe petitioners' motion to confirm the arbitration award (Doc #5) as a motion for a default judgment pursuant to FRCP 55(b)(2). Id. The court allowed respondent until May 17, 2005, to seek to set aside default and oppose petitioner's motion on the merits. Id. The clerk entered respondent's default on May 5, 2005, Doc #14, and petitioners

served the notice of default on respondent, Doc #15.  Respondent has failed to appear.  Accordingly, the court considers whether to enter a judgment by default against respondent pursuant to FRCP 55(b)(2).

> As Judge Illston of this court has explained:
>
> Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter such a judgment against a defendant against whom default has been entered, assuming the defendant is not an infant, incompetent person, or the United States.  The rule sets forth the appropriate procedure: "If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."  The rule also provides that the Court may order whatever hearings or documentation are necessary to establish damages, or fairly consider any other matter.

<u>UA 38, Local Health & Welfare Trust v AAA Mechanical Const, Inc</u>, 2002 WL 31191617 at *2 (ND Cal 2002).

The three-day notice rule does not apply as respondent has not appeared in this action.  Respondent does not fall within any of the exceptions noted in the rule.  Petitioners pray for the entry of a judgment confirming an arbitration award in the amount of $13,080.  The arbitration award is adequately documented, and the figure of $13,080 (representing $8,750 in contract damages, $2,880 in arbitrator-awarded attorney fees, $500 in arbitration association fees and $950 in arbitrator's compensation) is correct. Petition (Doc #1) Ex C.  Petitioners' motion (Doc #5) for entry of a judgment by default confirming their arbitration award is therefore GRANTED.

Accordingly, the clerk is DIRETED to ENTER JUDGMENT in

1  favor of petitioners American President Lines, Ltd and APL Co Pte,
2  Ltd, and against respondent Tirex International, Inc, in the amount
3  of $13,080.  The clerk is further DIRECTED to close the file and
4  terminate all motions.

6          IT IS SO ORDERED.



9          VAUGHN R WALKER
10         United States District Chief Judge